UNITED STATES of America

v.

Patsy STANIZZO, Joseph Zeher,
Joseph Zeher, Appellant.

No. 17532.

United States Court of Appeals
Third Circuit.

Argued Feb. 20, 1969.

Decided March 7, 1969.

Martin M. Sheinman, Morris, Safier & Teitelbaum, Pittsburgh, Pa., for appellant.

Nick S. Fisfis, Asst. U. S. Atty., Pittsburgh, Pa. (Gustave Diamond, U. S. Atty., Pittsburgh, Pa., on the brief), for appellee.

Before VAN DUSEN, ALDISERT and STAHL, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

Both the appellant and the Government agree that the District Court erred in refusing the motion for judgment of acquittal in this case. Appellant was found guilty of violating 26 U.S.C.A. § 7262 in not having paid a wagering tax.[1] He had timely raised the constitutional defense of the privilege against self-incrimination and contended that his prosecution was barred by the principles announced in Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968) and Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968).

We have carefully considered the interpretation of these cases expressed by the trial court. We have concluded, however, that having asserted his constitutional privilege, appellant may not be properly convicted of the offense of failure to pay the tax imposed by this statute. The clear language of the Supreme Court in *Grosso* states: "* * * a claim of privilege precludes a criminal conviction premised on failure to pay the tax."[2] We agree with both the Government and the appellant that there is no distinction between a privilege asserted in a prosecution for failure to pay the annual $50.00 special tax imposed by 26 U.S.C.A. § 4411 upon which this prosecution is based and that asserted in the *Grosso* prosecution for failure to pay the excise tax imposed by 26 U.S.C.A. § 4401.

The judgment of conviction will be reversed.

1. "Any person who does any act which makes him liable for special tax under subchapter B of chapter 35 without having paid such tax, shall, besides being liable to the payment of the tax, be fined not less than $1,000 and not more than $5,000."

26 U.S.C.A. § 4411 imposes a wagering tax of $50 per year.

2. 390 U.S. 70, footnote 7, 88 S.Ct. 714.